In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00553-CR
_____

CHARLES JEROME VERDINE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B-130341-R

**MEMORANDUM OPINION**

In this appeal, we must decide whether the trial court erred by failing to instruct the jury that it could disregard the evidence obtained by police during the defendant's arrest if it believed or had a reasonable doubt about whether the officers reasonably believed the defendant was inside the house they entered to execute the warrant for the defendant's arrest. We conclude that the evidence before the jury did not raise an issue of material fact about whether the officers' reasonably believed they would find the defendant inside the house. Therefore, we

1

hold the trial court did not err by failing to provide the jury with a conditional instruction to advise them that they could disregard the evidence obtained during the arrest if they believed the police obtained the evidence illegally. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (providing that no evidence obtained by an officer in violation of the Constitution or law of the United States shall be admitted against the accused in a criminal case).

The appeal arises following a trial by jury that resulted in Charles Jerome Verdine's conviction for possessing a controlled substance, cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2010). Verdine raises only one issue in his appeal, claiming that the trial court should have instructed the jury that it could disregard the evidence that the police discovered during Verdine's arrest. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a); *see also id.* art. 38.23(b) (allowing the evidence to be admitted without instruction if the police were acting in objective good faith reliance upon a warrant that had been issued by a neutral magistrate based on probable cause). In this case, it is undisputed that the police had a warrant that authorized Verdine's arrest. Upon entering the house, the police found Verdine in a bedroom, and they discovered cocaine on the bed where he was sitting immediately after they took Verdine into custody.

2

There are three requirements that a defendant must meet to show that he is entitled to have the jury instructed as required by article 38.23(a):

(1) The evidence heard by the jury must raise an issue of fact;
(2) The evidence on that fact must be affirmatively contested; and
(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). In this case, Verdine contends that whether he was sitting on the porch when police arrived is a contested fact that is material to the lawfulness of the decision the police made to enter the house to execute the warrant that a magistrate had issued for his arrest. However, given the undisputed facts that show that Verdine could reasonably be expected to be present in the house, regardless of whether he was on the porch when police arrived, we conclude that the contested factual issue about whether he was sitting on the porch is not material with respect to whether the police could lawfully enter the home.

We agree that whether Verdine was on the porch or inside the house when the police arrived was a disputed fact. The two police officers who came to the home testified that before they entered the house, they saw Verdine on the porch when they pulled up to the house. However, Verdine's sister testified that Verdine was inside the house when the police pulled up, and she stated that Verdine was not on the porch at that time. According to Verdine, the jury could have believed

3

the testimony of his sister. He contends that the decision that the police made to enter the home without having first seen him on the porch makes their entry into the home unlawful. Given that that there is a dispute regarding Verdine's location when they first arrived at the home, Verdine argues the trial court had a mandatory duty to give the jury an article 38.23 instruction that would have authorized the jury to disregard the evidence that showed the police found drugs on the bed where Verdine had been sitting when he was arrested.

Given the evidence of the other circumstances showing that police could reasonably expect Verdine to be found in the house when they arrived, whether they saw Verdine on the porch before entering the house is not a material fact that is needed in this case to decide whether the police were acting lawfully when they entered the house. In this case, before police arrived at the house, they were given an arrest warrant that had been issued by a magistrate. Although the police did not have a warrant to search the house, the evidence shows that Verdine's relatives lived there and that he sometimes stayed there. The officers arrived at the house around 5:40 p.m., a time when the occupants of the house would reasonably be expected to be present. Verdine's sister, Sharon Stevens, admitted during the trial that Verdine used the address for the home as his permanent address. Additionally, Stevens never testified that Verdine was living at another residence when the arrest

4

occurred, nor did she testify that it was unlikely that he would have been present at the house on the date or at the time he was arrested.

In his brief, Verdine argues that his location, either inside the house or on the porch, was a contested fact issue that is material to the lawfulness of the decision the police made to enter the house. *See generally Madden*, 242 S.W.3d at 510. However, police officers are not required to be certain that the individual they seek to arrest is inside a house they may be required to enter to execute an arrest warrant. *Morgan v. State*, 963 S.W.2d 201, 204 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Instead, for the entry to be lawful in circumstances where the police have a warrant authorizing an individual's arrest, the circumstances as a whole must show that the belief that the suspect would be found inside the home was reasonable. *Id.*

Generally, the Fourth Amendment prohibits the police from entering a home without a search warrant. *Payton v. New York*, 445 U.S. 573, 589-90 (1980). However, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Id.* at 603. In Texas, this limited authority applies to the execution of felony and misdemeanor warrants. *Green v. State*, 78 S.W.3d 604, 611 (Tex. App.—Fort Worth 2002, no pet.). Moreover, officers are

5

not required to thoroughly investigate whether the person named in an arrest warrant is actually present in a house before they may enter the house in order to execute the warrant. *See United States v. Terry*, 702 F.2d 299, 319 (2nd Cir.), *cert. denied sub nom.*, *Williams v. United States*, 461 U.S. 931 (1983). When the execution of an arrest warrant requires the entry into a residence, the totality of all of the facts and circumstances must warrant a reasonable belief that the suspect will be found inside the residence. *See United States v. Magluta*, 44 F.3d 1530, 1535 (11th Cir.), *cert. denied*, 516 U.S. 869 (1995).

In Verdine's case, the officers arrived at a location that Verdine was using as his permanent address. They arrived at the house when the occupants of the house could reasonably be expected to be present. Verdine's relatives were present when police arrived, so the house was neither empty, nor did the appearance of the home indicate that it was unlikely that anyone would be inside the home. When police arrived, a door to the house was open, and at least one person was sitting on the porch. These "common sense" indications support a conclusion that regardless of whether Verdine was seen on the porch before the police entered the house, it was reasonable to believe that Verdine would be found inside. *See id.* ("officers may presume that a person is at home at certain times of the day"). Additionally,

the record does not show that the officers had any information that Verdine was not at home when they found him inside the home. *See Terry*, 702 F.2d at 319.

In our opinion, the objective circumstances as shown by the evidence before the jury demonstrated that the officers had reason to believe that Verdine would be inside the residence immediately before they entered the house to execute the warrant. *See Morgan*, 963 S.W.2d at 204 (officers may enter premises to execute an arrest warrant for a person the officers reasonably believe to be a co-resident of the property). Based on the evidence before the jury, we hold that Verdine was not entitled to the instruction that is required in some cases by article 38.23(a). *See Madden*, 242 S.W.3d at 510.

We overrule Verdine's sole issue, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 6, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

7